## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**APPLE INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 2:15-cv-287**<br><br><br>**JURY TRIAL DEMANDED** |

### ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON'S
### ANSWER TO APPLE INC.'S COUNTERCLAIMS

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (singularly or collectively, "Ericsson") hereby answer the Counterclaims of Defendant Apple Inc. ("Apple") (Dkt. 20, "Counterclaims") and allege as follows ("Answer to Apple's Counterclaims"). Except as where expressly admitted, Ericsson denies Apple's allegations.

### COUNTERCLAIMS

The allegations in Apple's "COUNTERCLAIMS" section require no response. To the extent a response is required, Ericsson denies.

### NATURE OF THE ACTION

1.      Denied.

2.      Ericsson admits that Apple and Ericsson executed a license agreement in January 2008, which granted Apple a license under certain Ericsson patents. Ericsson admits that this license agreement expired on January 14, 2015. Upon information and belief, Ericsson admits that Apple began selling the iPhone in the United States in 2007, and that Apple began selling

the iPad in the United States in 2010. Unless expressly admitted, Ericsson denies the allegations in Paragraph 2.

3.      Ericsson admits that iPhones and iPads have enjoyed enormous commercial success. Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Denied.

5.      Denied.

6.      The allegations in Paragraph 6 require no response. To the extent a response is required, Ericsson denies.

7.      The allegations in Paragraph 7 require no response. To the extent a response is required, Ericsson denies.

8.      Denied.

9.      Ericsson admits that it has submitted declarations regarding certain intellectual property rights to the European Telecommunications Standards Institute ("ETSI") pursuant to ETSI's Intellectual Property Rights Policy ("IPR Policy"), which requires ETSI members to submit declarations for intellectual property rights owned by the member that may be or may become essential to standards under consideration by ETSI. Unless expressly admitted, Ericsson denies the allegations in Paragraph 9.

10.     Ericsson admits that Apple is seeking the relief described in Paragraph 10, but denies that Apple is entitled to any relief on its Counterclaims. Unless expressly admitted, Ericsson denies the allegations in Paragraph 10.

11.     Denied.

## THE PARTIES

12.     Admitted.

13.     Telefonaktiebolaget LM Ericsson ("LME") admits that it is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden. LME admits that a portion of its business operations relate to enforcement of patents, including licensing and litigation. Unless expressly admitted, Ericsson denies the allegations in Paragraph 13.

14.     Ericsson Inc. admits that it is a Delaware corporation having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Ericsson Inc. admits that it is a wholly owned subsidiary of Ericsson Holding II Inc., a Delaware corporation, which in turn is a wholly owned subsidiary of LME. Unless expressly admitted, Ericsson denies the allegations in Paragraph 14.

15.     Ericsson admits that Apple refers to Telefonaktiebolaget LM Ericsson and Ericsson Inc. as "Ericsson" in Apple's Counterclaims.

## JURISDICTION

16.     Admitted, except as to Apple's assertion that Ericsson's "licensing policies" are "unfair and unreasonable," which is denied.

17.     Admitted.

## VENUE

18.     Ericsson admits that venue is proper in this District under at least 28 U.S.C. §§ 1391 (b) and (c). Unless expressly admitted, Ericsson denies the allegations in Paragraph 18.

## BACKGROUND

### Apple's Products

19.     Upon information and belief, Ericsson admits that Apple introduced the original iPhone in 2007, and that this original iPhone included a color multi-touch screen, user-interface and applications. Upon information and belief, Ericsson admits that the original iPhone was

capable of storing and playing music, accessing the internet, and making and receiving phone calls. Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 19 and therefore denies them.

20.     Upon information and belief, Ericsson admits that Apple introduced the original iPad in 2010, and that the original iPad included a color touch screen and user-interface. Upon information and belief, Ericsson admits that the original iPad was capable of storing and playing music. Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 20 and therefore denies them.

21.     Upon information and belief, Ericsson admits that Apple's iPhone and iPad products may contain components acquired from third-party suppliers. Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 21 and therefore denies them.

22.     Ericsson admits that Apple's products support certain cellular communication protocols and industry standards, including the 2G GSM and/or LTE standards. Ericsson admits that such standards are formulated and publicly distributed by standard setting organizations ("SSOs") such as the European Telecommunications Standards Institute ("ETSI"). Ericsson lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 22 and therefore denies them.

**ETSI and Ericsson's Contractual FRAND Commitments**

23.     Ericsson admits that ETSI is an independent, non-profit SSO that provides a framework for the development of globally accepted standards for the telecommunications industry. Upon information and belief, Ericsson admits that ETSI has more than 750 members from 63 countries across five continents, including Ericsson and Apple. Ericsson admits that ETSI provided a framework for the development of numerous telecommunications standards,

4

including the 2G/GSM, 3G/WCDMA/UMTS, and 4G/LTE cellular communications standards. Unless expressly admitted, Ericsson denies the allegations in Paragraph 23.

24.    Admitted.

25.    Ericsson denies that it has claimed to hold patents essential to standards and used that as leverage to demand excessive royalties from Apple or any other company. Upon information and belief, Ericsson admits that ETSI does not review IPR licensing declarations submitted to ETSI for accuracy. Ericsson lacks sufficient knowledge or information to form a belief as to whether "Product suppliers like Apple are faced with claims of infringement of many patents that are actually not essential—and that, even if essential, would not support the excessive demands made by the patent owners," and on that basis denies the allegation. Ericsson admits that while the ETSI IPR Policy requires members, in certain circumstances, to disclose to ETSI patents and patent applications that may be or may become essential to the practice of a standard under consideration by ETSI, not every patent or patent application so declared ends up being essential to the standard when finalized. Ericsson admits that a Federal Circuit panel stated "Patent hold-up exists when the holder of a SEP demands excessive royalties after companies are locked into using a standard," *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1209 (Fed. Cir. 2014). Unless expressly admitted, Ericsson denies the allegations in Paragraph 25.

26.    Ericsson admits that ETSI has adopted an IPR Policy, incorporated as Annex 6 of the ETSI Rules of Procedure. Ericsson admits that the ETSI IPR Policy requires members, in certain circumstances, to disclose to ETSI patents and patent applications that may be or may become essential to the practice of a standard under consideration by ETSI. Ericsson admits that the IPR Policy requests that the owner of a patent or patent application that may be or may become essential to a standard under consideration by ETSI submit a written undertaking that it

is prepared to grant irrevocable licenses on FRAND terms and conditions ("a FRAND undertaking"). Ericsson admits that, if a FRAND undertaking is not available, the ETSI IPR Policy provides for ETSI to attempt to change the standard under consideration to avoid the patent in question. Unless expressly admitted, Ericsson denies the allegations in Paragraph 26.

27.    Ericsson admits that it has submitted IPR licensing declarations to ETSI with regard to the patents in this matter. The remaining allegations in Paragraph 27 require no response. To the extent a response is required, Ericsson denies.

### Ericsson's Cellular Licensing Positions

28.    Ericsson admits that it issued a press release on January 12, 2012, entitled "Ericsson strengthens focus on IPR licensing," which states, in part:

> Ericsson (NASDAQ:ERIC) has the industry's strongest wireless IPR portfolio, comprising 27,000 granted patents that cover a wide range of technologies, from wireless access (2G, 3G and 4G) to WLAN and the whole Information and Communications Technology (ICT) value chain. As wireless access is now being added in new types of devices, Ericsson is reorganizing its Licensing and Patent Development department with the focus on further monetizing its IPR assets.

*See* http://www.ericsson.com/news/1576822. Ericsson admits that it issued a press release on January 20, 2012, entitled "Ericsson and ZTE resolve patent license issues," which states, in part:

> "Ericsson has the strongest patent portfolio in the industry with over 27,000 patents and any company which sells mobile devices or systems needs a license from Ericsson. We have signed more than 90 patent agreements with different vendors worldwide. Now we can add ZTE to this group," says Kasim Alfalahi, Chief Intellectual Property Officer at Ericsson.

*See* http://www.ericsson.com/news/1579022. Unless expressly admitted, Ericsson denies the allegations in Paragraph 28 .

29.    Ericsson admits that it issued a press release on April 14, 2008, entitled "Wireless Industry Leaders commit to framework for LTE technology IPR licensing," which states, in part:

> Alcatel-Lucent, Ericsson (NASDAQ:ERIC), NEC, NextWave Wireless, Nokia, Nokia Siemens Networks and Sony Ericsson have today announced a mutual

commitment to a framework for establishing predictable and more transparent maximum aggregate costs for licensing intellectual property rights (IPR) that relate to 3GPP Long Term Evolution and Service Architecture Evolution standards (LTE/SAE). The companies invite all interested parties to join this initiative which is intended to stimulate early adoption of mobile broadband technology across the communications and consumer electronic industries.

The framework is based on the prevalent industry principle of fair, reasonable and non-discriminatory (FRAND) licensing terms for essential patents. This means that the companies agree, subject to reciprocity, to reasonable, maximum aggregate royalty rates based on the value added by the technology in the end product and to flexible licensing arrangements according to the licensors' proportional share of all standard essential IPR for the relevant product category.

Specifically, the companies support that a reasonable maximum aggregate royalty level for LTE essential IPR in handsets is a single-digit percentage of the sales price. For notebooks, with embedded LTE capabilities, the companies support a single-digit dollar amount as the maximum aggregate royalty level. The parties believe the market will drive the LTE licensing regime to be in accordance with these principles and aggregate royalty levels.

This framework balances the prevailing business conditions relevant for the successful widespread adoption of the LTE standard, which continues its progress toward definitive adoption by the industry in the applicable standards forums and organizations.

*See* http://www.ericsson.com/news/1209031. Ericsson further admits that it issued a press release

on June 23, 2009, entitled "Ericsson confirms first LTE license agreements," which states, in

part:

Championing industry practice on FRAND (Fair, Reasonable and Non-Discriminatory) licensing, Ericsson makes its technology available to others. Consequently, licensing arrangements will be made according to Ericsson's proportional share of the standard IPR that relates to the relevant product category. Ericsson likewise honors the same industry practice of ensuring a maximum cumulative rate on LTE technology not exceeding a single-digit rate. This is achieved through bilateral negotiations undertaken in good-faith.

*See* http://www.ericsson.com/news/1324253. Ericsson further admits that it issued a Press

Backgrounder in April 2015, entitled "Essential Patents and LTE," which is available at

http://www.ericsson.com/res/thecompany/docs/press/backgrounders/essential_patents_and_lte_p

ress_backgrounder.pdf. Ericsson further admits that in the "LTE In-depth information" section of

its website, it currently states, in part: "Ericsson has had the highest impact on the released LTE specification and expects to hold 25 percent of all essential patents in LTE." *See* http://www.ericsson.com/thecompany/press/mediakits/lte/information. Unless expressly admitted, Ericsson denies the allegations in Paragraph 29.

30. Ericsson admits that an ETSI IPR Online Database is available at http://ipr.etsi.org/. Ericsson admits that the following statement appears in the ETSI IPR Online Database:

> NO REPRESENTATIONS AND/OR WARRANTIES (WHETHER EXPRESS OR IMPLIED) ARE MADE BY THE ETSI SECRETARIAT REGARDING ANY OF THE INTELLECTUAL PROPERTY RIGHTS CONTAINED IN THE PRESENT IPR ONLINE DATABASE, INCLUDING BUT NOT LIMITED TO THE ACCURACY, COMPLETENESS, VALIDITY, APPLICABILITY OR RELEVANCE OF THE INFORMATION OR WHETHER OR NOT SUCH RIGHTS ARE ESSENTIAL AS PER THE DEFINITION OF THE ETSI IPR POLICY.

*See* http://ipr.etsi.org/. Unless expressly admitted, Ericsson denies the allegations in Paragraph 30.

31. Ericsson admits that Eric Stasik, *Royalty Rates And Licensing Strategies For Essential Patents On LTE (4G) Telecommunication Standards*, les Nouvelles, Sept. 2010, states that "Ericsson, projecting 'a maximum aggregate royalty level of 6-8 percent for handsets,' said its 'royalty rate for LTE is therefore expected to be around 1.5 percent for handsets.'" Unless expressly admitted, Ericsson denies the allegations in Paragraph 31.

32. The allegations of Paragraph 32 are too vague and ambiguous to be admitted or denied. On that basis, Ericsson denies the allegations in Paragraph 32.

33. Ericsson admits that Paragraph 33 accurately quotes snippets from a presentation found at http://www.techylib.com/en/view/bottlelewd/ericssons_patent_activities_snitts. Ericsson denies that Apple has accurately characterized these quotations. Ericsson admits the

existence of an investigation by the Competition Committee of India. Ericsson denies Apple's characterization of this investigation. Unless expressly admitted, Ericsson denies the allegations in Paragraph 33.

34.    The allegations of Paragraph 34 are too vague and ambiguous to be admitted or denied. On that basis, Ericsson denies the allegations in Paragraph 34.

35.    Denied.

36.    Ericsson admits that it has asserted the patents in this action against Apple in *Certain Wireless Standard Compliant Electronic Devices, Including Communication Devices and Tablet Computers*, Inv. No. 337-TA-953. Ericsson admits that as of the date of Apple's Counterclaims, April 22, 2015, it has asserted thirty-three non-essential patents against Apple in this District and in a second International Trade Commission investigation. Unless expressly admitted, Ericsson denies the allegations in Paragraph 36.

**Patents-in-Suit**

37.    Admitted.

38.    Admitted.

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Denied.

## COUNT I

### (Declaration of Non-Infringement of U.S. Patent No. 8,102,805)

47.     Ericsson repeats and realleges Paragraphs 1-46 of its Answer to Apple's Counterclaims.

48.     Denied.

49.     Admitted.

50.     Denied.

51.     Denied.

## COUNT II

### (Declaration of Invalidity of U.S. Patent No. 8,102,805)

52.     Ericsson repeats and realleges Paragraphs 1-51 of its Answer to Apple's Counterclaims.

53.     Denied.

54.     Admitted.

55.     Denied.

56.     Denied.

## COUNT III

### (Declaration of FRAND Royalties for U.S. Patent No. 8,102,805)

57.     Ericsson repeats and realleges Paragraphs 1-56 of its Answer to Apple's Counterclaims.

58.     Ericsson admits that it has contractually committed that it is prepared to license the '805 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 58.

59.     Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 59 require no response. To the extent a response is required, Ericsson denies.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

**COUNT IV**

**(Declaration of Non-Infringement of U.S. Patent No. 8,331,476)**

64.     Ericsson repeats and realleges Paragraphs 1-63 of its Answer to Apple's Counterclaims.

65.     Denied.

66.     Admitted.

67.     Denied.

68.     Denied.

**COUNT V**

**(Declaration of Invalidity of U.S. Patent No. 8,331,476)**

69.     Ericsson repeats and realleges Paragraphs 1-68 of its Answer to Apple's Counterclaims.

70.     Denied.

71.     Admitted.

72.     Denied.

73.     Denied.

## COUNT VI

### (Declaration of FRAND Royalties for U.S. Patent No. 8,331,476)

74.     Ericsson repeats and realleges Paragraphs 1-73 of its Answer to Apple's Counterclaims.

75.     Ericsson admits that it has contractually committed that it is prepared to license the '476 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 75.

76.     Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 76 require no response. To the extent a response is required, Ericsson denies.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

## COUNT VII

### (Declaration of Non-Infringement of U.S. Patent No. 6,301,556)

81.     Ericsson repeats and realleges Paragraphs 1-80 of its Answer to Apple's Counterclaims.

82.     Denied.

83.     Admitted.

84.     Denied.

85.     Denied.

## COUNT VIII

### (Declaration of Invalidity of U.S. Patent No. 6,301,556)

86.     Ericsson repeats and realleges Paragraphs 1-85 of its Answer to Apple's Counterclaims.

87.     Denied.

88.     Admitted.

89.     Denied.

90.     Denied.

## COUNT IX

### (Declaration of FRAND Royalties for U.S. Patent No. 6,301,556)

91.     Ericsson repeats and realleges Paragraphs 1-90 of its Answer to Apple's Counterclaims.

92.     Ericsson admits that it has contractually committed that it is prepared to license the '556 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 92.

93.     Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 93 require no response. To the extent a response is required, Ericsson denies.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

## COUNT X

### (Declaration of Non-Infringement of U.S. Patent No. 8,607,130)

98.     Ericsson repeats and realleges Paragraphs 1-97 of its Answer to Apple's Counterclaims.

99.     Denied.

100.    Admitted.

101.    Denied.

102.    Denied.

## COUNT XI

### (Declaration of Invalidity of U.S. Patent No. 8,607,130)

103.    Ericsson repeats and realleges Paragraphs 1-102 of its Answer to Apple's Counterclaims.

104.    Denied.

105.    Admitted.

106.    Denied.

107.    Denied.

## COUNT XII

### (Declaration of FRAND Royalties for U.S. Patent No. 8,607,130)

108.    Ericsson repeats and realleges Paragraphs 1-107 of its Answer to Apple's Counterclaims.

109.    Ericsson admits that it has contractually committed that it is prepared to license the '130 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 109.

110.    Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 110 require no response. To the extent a response is required, Ericsson denies.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

## COUNT XIII

### (Declaration of Non-Infringement of U.S. Patent No. 8,717,996)

115.    Ericsson repeats and realleges Paragraphs 1-114 of its Answer to Apple's Counterclaims.

116.    Denied.

117.    Admitted.

118.    Denied.

119.    Denied.

## COUNT XIV

### (Declaration of Invalidity of U.S. Patent No. 8,717,996)

120.    Ericsson repeats and realleges Paragraphs 1-119 of its Answer to Apple's Counterclaims.

121.    Denied.

122.    Admitted.

123.    Denied.

124.    Denied.

## COUNT XV

### (Declaration of FRAND Royalties for U.S. Patent No. 8,717,996)

125.    Ericsson repeats and realleges Paragraphs 1-124 of its Answer to Apple's Counterclaims.

126.    Ericsson admits that it has contractually committed that it is prepared to license the '996 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 126.

127.    Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 127 require no response. To the extent a response is required, Ericsson denies.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

## COUNT XVI

### (Declaration of Non-Infringement of U.S. Patent No. 8,660,270)

132.    Ericsson repeats and realleges Paragraphs 1-131 of its Answer to Apple's Counterclaims.

133.    Denied.

134.    Admitted.

135.    Denied.

136.    Denied.

## COUNT XVII

### (Declaration of Invalidity of U.S. Patent No. 8,660,270)

137.    Ericsson repeats and realleges Paragraphs 1-136 of its Answer to Apple's Counterclaims.

138.    Denied.

139.    Admitted.

140.    Denied.

141.    Denied.

## COUNT XVIII

### (Declaration of FRAND Royalties for U.S. Patent No. 8,660,270)

142.    Ericsson repeats and realleges Paragraphs 1-141 of its Answer to Apple's Counterclaims.

143.    Ericsson admits that it has contractually committed that it is prepared to license the '270 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 143.

144.    Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 144 require no response. To the extent a response is required, Ericsson denies.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

## COUNT XIX

### (Declaration of Non-Infringement of U.S. Patent No. 8,837,381)

149.    Ericsson repeats and realleges Paragraphs 1-148 of its Answer to Apple's Counterclaims.

150.    Denied.

151.    Admitted.

152.    Denied.

153.    Denied.

## COUNT XX

### (Declaration of Invalidity of U.S. Patent No. 8,837,381)

154.    Ericsson repeats and realleges Paragraphs 1-153 of its Answer to Apple's Counterclaims.

155.    Denied.

156.    Admitted.

157.    Denied.

158.    Denied.

## COUNT XXI

### (Declaration of FRAND Royalties for U.S. Patent No. 8,837,381)

159.    Ericsson repeats and realleges Paragraphs 1-158 of its Answer to Apple's Counterclaims.

160.    Ericsson admits that it has contractually committed that it is prepared to license the '381 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 160.

161.    Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 161 require no response. To the extent a response is required, Ericsson denies.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

## COUNT XXII

### (Declaration of Non-Infringement of U.S. Patent No. 6,058,359)

166.    Ericsson repeats and realleges Paragraphs 1-165 of its Answer to Apple's Counterclaims.

167.    Denied.

168.    Admitted.

169.    Denied.

170.    Denied.

## COUNT XXIII

### (Declaration of Invalidity of U.S. Patent No. 6,058,359)

171.    Ericsson repeats and realleges Paragraphs 1-170 of its Answer to Apple's Counterclaims.

172.    Denied.

173.    Admitted.

174.    Denied.

175.    Denied.

## COUNT XXIV

### (Declaration of FRAND Royalties for U.S. Patent No. 6,058,359)

176.    Ericsson repeats and realleges Paragraphs 1-175 of its Answer to Apple's Counterclaims.

177.    Ericsson admits that it has contractually committed that it is prepared to license the '359 patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy. Unless expressly admitted, Ericsson denies the allegations in Paragraph 177.

178.    Ericsson admits that it has taken the position that royalties for cellular-essential patents may, in some instances, be based on a percentage of the price of the infringing device. Ericsson denies that it has sought unfair and unreasonable royalties. The remaining allegations in Paragraph 178 require no response. To the extent a response is required, Ericsson denies.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

### PRAYER FOR RELIEF

Ericsson denies that Apple is entitled to any relief.

### APPLE'S JURY DEMAND

The allegations in Apple's "JURY DEMAND" section require no response. To the extent a response is required, Ericsson denies.

### ERICSSON'S JURY DEMAND

Ericsson hereby demands a trial by jury on all issues so triable.

Dated: May 18, 2015

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: */s/ Kevin L. Burgess*
Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 0403550
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Christopher Bovenkamp
Texas State Bar No. 24078867
cbovenkamp@mckoolsmith.com
Nicholas Matthews
Texas State Bar No. 24085457
nmathews@mckoolsmith.com
Richard Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Kevin L. Burgess, Lead Attorney
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh Budwin
Texas State Bar No. 24006927
jbudwin@mckoolsmith.com
James Quigley
Texas Star Bar No. 24075810
jquigley@mckoolsmith.com
300 W. Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5.1, and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system on May 18, 2015.

                                    */s/ James E. Quigley*
                                    James E. Quigley